■ CITY OF NEW YORK et al., Plaintiffs, and NEW YORK CITY HOUSING AUTHORITY, Appellant, v LEAD INDUSTRIES ASSOCIATION, INC., et al., Respondents, et al., Defendant. [713 NYS2d 345] —Order, Supreme Court, New York County (Helen Freedman, J.), entered September 9, 1999, which, *inter alia,* denied plaintiff New York City Housing Authority's (NYCHA) motion denominated one for partial summary judgment striking various affirmative defenses precluding it from asserting the market share theory of liability, unanimously modified, on the law, to grant, on a search of the record, American Cyanamid's application for summary judgment dismissing the complaint against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-respondent American Cyanamid dismissing the complaint as against it.

As the IAS Court observed, NYCHA's motion is more properly deemed one for a declaration that the market share theory of liability applies to this case. In any event, the motion was properly denied on the ground that further discovery is warranted on such matters as whether and to what extent white lead carbonate is present in the Williamsburg Houses development, whether the manufacturer of the particular white lead carbonate present, if any, can be identified, and whether NYCHA suffered any actual harm in that it would be entitled to use the Federal funds currently applied to lead abatement to some other purpose.

We grant defendant American Cyanamid Company's request to search the record and to grant it summary judgment dismissing the complaint as against it on the ground that its predecessor did not manufacture white lead carbonate during the relevant period. Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.